## JOHN SOUTHERLAND *against* JOHN PURRY.

#### IN ERROR.

S. sold to P. a tract of land, by articles of agreement, by the terms of which, a part of the purchase-money was to be paid in hand, and the balance "as soon as S. should deliver P. a deed, or give him good security for the delivery of such deed." Twenty-two years after the date of the agreement, P. obtained a patent for the land from the Commonwealth. *Held:* That S. could not sustain an action of eject-ment, to compel the payment of the balance of the purchase-money, without first having tendered a deed to P.

ERROR to Mercer county.

This was an action of ejectment, in which the plaintiff in error was the plaintiff below: brought to compel the payment of the balance of purchase-money of a tract of land.

The following agreement between the parties was given in evidence:

"Article of agreement made this 14th day of June, 1799, be-tween *John Southerland*, of the county of Westmoreland and state of Pennsylvania, of one part, and *John Purry*, of same county and state, of the other part, viz. that *John Southerland* sells a certain tract of land, of two hundred acres, to *John Pur-ry*, lying on the waters of Wolf creek, the 3d district adjoining lands, &c.; and said *Southerland* is to make a good clear deed, without incumberance, as soon as the office is open for said land; and said *Purry* is to pay to the said *Southerland* fifty-eight pounds fifteen shillings of the purchase money, in hand, and said *Southerland* sells to said *Purry* the aforesaid lands, at two dol-lars per acre, and said *Purry* is to pay the balance of the remain-der purchase-money, as soon as said *Southerland* delivers him the deed; or gives him security for the delivery of said deed; then said *Purry* is to pay, on or before the opening of said land-office; and the true performance parties bind themselves in the sum of three hundred pounds."

In 1821, *Purry* obtained a patent for the land himself.

The defendant requested the Court to instruct the jury, that the plaintiff could not recover; not having tendered a deed to the de-fendant before suit brought.

*Shippen*, President.—I assent to the argument of plaintiff's counsel, who urged that, by this article, the money was not pay-able till the deed was made; that a presumption of payment after the lapse of twenty years, does not apply to this case; nor does

19

(John Southerland *v.* John Purry.)

the act of limitation apply. According to the terms of their article, and the testimony in the cause, *Southerland* was bound to execute his deed to defendant before he could bring suit—but he neglected from 1801 to 1821 to take out a patent, and then in 1821 *Purry* takes out the patent himself. After so unreasonable a delay, *Purry* was right in doing so: still *Southerland* should have tendered to *Purry* his deed of confirmation or release, (signed also' by his wife, if he had one,) before he brought suit; and when he has done so, he may yet recover the balance due, without; he ought not to recover in this attempt to take the land.

An exception was taken to the opinion of the Court.

*Ayres* and *S. B. Foster* for plaintiff in error.

. The defendant had a perfect title to the land, and was therefore bound to pay the purchase-money. He had the equitable title by the agreement with the plaintiff, and he had the legal title by his patent from the Commonwealth. No deed from the plaintiff was necessary.

*J. J. Pearson* and *Banks* for defendant in error.

The plaintiff had not complied with the covenants in the agreement, which, on his part, were to be performed; he could not, therefore support an action of debt or covenant. It is as certain that he cannot obtain the same objects by any other form of action. A deed from him is essential to his right of action: he has a wife, whose right of dower is not conveyed.

The plaintiff having parted with his equity, by the agreement, and not having obtained any legal estate, he cannot, therefore, support an ejectment.

The opinion of the Court was delivered by

Smith, J.—The errors assigned, are to the charge of the Court:—

1. That the Court erred in instructing the jury, that *Southerland* was bound to execute a deed and tender it to *Purry*, before he could bring suit.

We cannot see error in this instruction of the Court. *Southerland* settled on the land in controversy in 1796, and sold it to *Purry* on the 14th of June, 1799, by an article of agreement, for two dollars per acre ;—fifty eight pounds, fifteen shillings, were to be paid in hand, and the residue of the purchase money as soon as *Southerland* would deliver *Purry* a deed, or give him good security for the delivery of such deed. It would appear, that when the ejectment was instituted, it was intended to recover on the original settlement, but when the defendant produced his ar-

(John Southerland *v.* John Purry.)

'ticle of agreement, the plaintiff abandoned his original ground, and considered his suit an equitable ejectment, brought to compel the payment of the purchase money; but the Court decided, that the plaintiff could not recover unless he made a deed to the defendant. In this the Court were certainly right, for all this was required to be done by the plaintiff by his article of agreement, and although there was an alternative, to deliver a deed to *Purry*, or give him security for such delivery, it is not pretended that the plaintiff performed either: he could not recover, unless he had performed the one or the other of the alternatives. There was then no error in this instruction to the jury.

2. It is said the Court erred, in charging the jury, that after *Purry* had taken out the title himself from the land office, *Southerland* was bound to tender a deed of confirmation, or a release before he could bring this suit.

We do not see any error in this instruction. The bringing of this very ejectment shows that the plaintiff lays claim to the land; and does so although the defendant has the legal title for it, and why does not the plaintiff release this claim, before he calls on the defendant, and claims from him the purchase money; by his article he has undertaken to make a good and clear deed without incumbrance; but this he has not done, and therefore cannot sustain this suit. It is the common case of a man, who buys a tract of land, but who is not to pay until a deed is made to him for it, clear of all incumbrances. If the vendor does not do this, and the vendee discharges or pays off the incumbrances, still there is, in law and justice, a conveyance due, by their contract from the vendor to the vendee, and until this is made to him by the vendor, the vendee is not bound to pay the purchase-money: for such is the very contract of the parties; and as made by them, so it must be performed.

Besides, it would appear, the first payment was actually made to *Southerland*, at the date of the article: no more was to be paid until a clear deed was made for the land, or security given for a deed of this description; this I stated before was not done, but a considerable sum was paid, by the defendant, (if not directly to the plaintiff, to the Commonwealth,) to obtain a patent for the land. The law then, as laid down by the Court of Common Pleas, was, in our opinion correct; and there is no error in this part of their charge.

Judgment affirmed.